Argued March 6, affirmed April 2, 1973

# NIMROD PARK, INC., *Respondent, v.*
# ROSE ET UX, *Appellants.*

508 P2d 183

*Quentin D. Steele,* Klamath Falls, argued the cause for appellants. With him on the brief was Robert Thomas, Klamath Falls.

*Steven A. Zamsky,* Klamath Falls, argued the cause for respondent. With him on the brief were Ganong, Sisemore & Zamsky, Klamath Falls.

TONGUE, J.

This is a suit to foreclose a land sales contract. Defendants' second amended answer prays for a rescission of the contract. The trial court entered a decree of strict foreclosure. We affirm.

Defendants contend that the trial court erred in excluding evidence of alleged statements made by plaintiff's employees and agents and that it also erred in granting plaintiff's prayer for strict foreclosure of the contract and in denying defendants' prayer for rescission and restitution based upon alleged impossibility of performance, failure of consideration and upon the contention that the contract as a whole was "unconscionable," all as alleged in defendants' second amended answer.

It appears from the record that on or about April 15, 1970, defendants entered into a contract to purchase certain real property owned by plaintiff near Sprague River in Klamath County and that defendants continued to make monthly payments as due under that contract for some months after knowledge of most, if not all, of the grounds later claimed by them as grounds for rescission of this contract. It also appears that defendants made no contract payments after June, 1971, and that even then they made no demand for rescission of the contract and never tendered the property back to plaintiff, but remained in possession.

Plaintiff's complaint for foreclosure was filed on October 5, 1971. Defendants continued to remain in possession and made no demand for rescission of the contract until the filing of their answer on April 3, 1972.

It is well established that one who would rescind

a contract must do so within a reasonable time after discovery of facts constituting grounds for rescission. *First West. M'tgage v. Hotel Gearhart,* 260 Or 196, 488 P2d 450 (1971); *Miller et ux v. Barker et ux,* 233 Or 113, 124-25, 377 P2d 343 (1962). After examining the entire record in this case we find that defendants failed to do so.

As a result, we do not reach the questions raised by defendants' other assignments of error. This is not to say, however, that we are of the opinion that such assignments of error are well taken or that we disagree with the findings of fact and conclusions of law by which the trial court decided such questions.

Affirmed.